UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FELICIA HARPER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 24-cv-1680 (APM) |
| GARY WASHINGTON,<br>*Acting Secretary of Agriculture*,[1] | ) ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

On March 27, 2024, Plaintiff Felicia Harper, represented by counsel, filed this action in the Western District of Missouri, alleging various claims of discrimination and retaliation. Compl., ECF No. 1. The parties jointly moved to transfer venue to this District, and the Missouri trial court granted that motion on June 4, 2024. Order, ECF No. 4. Counsel for Defendant entered an appearance on July 15, 2024. ECF No. 6. The parties then jointly proposed a briefing schedule, which the court entered. Proposed Briefing Sched., ECF No. 7; Minute Order, Aug. 15, 2024.

On August 20, 2024, Defendant filed a motion seeking dismissal of the complaint in its entirety. Def.'s Mot. to Dismiss, ECF No. 8. Two days later, the court directed Defendant's counsel to "ensure prompt service of Defendant's motion on Plaintiff's counsel, who has yet to make an appearance on the record." Minute Order, Aug. 22, 2024. The next day, defense counsel filed a "Certificate of Service," indicating that, (1) on August 20, 2024, she had served the motion and a copy of the court's August 15th Minute Order entering the briefing schedule, and (2) on

---

[1] The court substitutes as Defendant the current Acting Secretary of the United States Department of Agriculture, Gary Washington, for the outgoing Secretary, Thomas Vilsack. *See* Fed. R. Civ. P. 25(d).

August 23, 2024, she had transmitted the court's August 22nd Minute Order and the instant Certificate of Service to defense counsel via email. Cert. of Service, ECF No. 9. Despite agreeing to a briefing schedule, Plaintiff's counsel never entered an appearance, and Plaintiff did not respond to the motion to dismiss as ordered by September 10, 2024. On October 13, 2024, Defendant docketed a Notice of non-filing, which was served on Plaintiff's counsel via email. Notice of Pl.'s Failure to Respond to Def.'s Mot. to Dismiss, ECF No. 10 [hereinafter Def.'s Notice]. As of this date, nearly four months later, Plaintiff still has not filed a response.

Because Defendant's motion is unopposed, the court treats it as conceded and therefore grants the motion. *See* LCvR 7(b) ("If [an opposition] memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."); *Cohen v. Bd. of Trustees of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 480–84 (D.C. Cir. 2016) (affirming dismissal of a motion to dismiss under Local Civil Rule 7(b) insofar as it was without prejudice where the opposition was filed late, but expressing reservations about prior precedent condoning the practice). Because Plaintiff's counsel had not yet entered an appearance, the court directed defense counsel to confirm service of the motion, which she did. Therefore, before taking the step of dismissal, the court ensured that Plaintiff received the filing. Plaintiff's counsel also received Defendant's Notice, indicating the response deadline had passed over a month earlier. *See* Def.'s Notice at 2 (attached Certificate of Service). The court infers from Plaintiff's silence that she both concedes the motion and that she no longer wishes to pursue this matter.

Accordingly, Defendant's motion is granted. The court dismisses the complaint and this action without prejudice. *See Cohen*, 910 F.3d at 483–84 (requiring dismissal without prejudice in these circumstances).

A final, appealable order accompanies this Memorandum Opinion. Defense counsel is directed to serve this Memorandum Opinion and the accompanying Order on counsel for Plaintiff.

Dated: February 10, 2025

Amit P. Mehta
United States District Court Judge